**Clyde W. JENKINS, Petitioner,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 68-C-165.**

United States District Court
N. D. Oklahoma.

Aug. 2, 1968.

---

William W. Bailey, Vinita, Okl., for petitioner.

Lawrence A. McSoud, U. S. Atty., Robert P. Santee, Asst. U. S. Atty., Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

On February 17, 1961, the above Petitioner was sentenced in this Court on pleas of guilty to two twenty-year and two ten-year concurrent sentences for violations of the Federal Narcotics laws. He was represented throughout the proceeding by his privately retained counsel, Thomas G. Hanlon.

On July 3, 1968, the Petitioner filed the Motion under consideration in this case pursuant to 28 United States Code 2255.[1] In this motion he complains that the sentencing judge (Judge Royce Savage), (1) did not inquire if the Petitioner's pleas of guilty were voluntarily made with understanding of the nature of the charges, (2) did not advise the Petitioner of the consequences of his pleas of guilty, (3) did not advise the Petitioner that he would be unable to receive a parole or probation under a conviction for the offenses involved, and that (4) his privately retained counsel advised him that he would probably receive the minimum sentence on each count by pleading guilty.

■ Under 28 United States Code 2255, supra, the Petitioner is entitled to a prompt hearing on his Motion unless the Motion and the files and records of the case conclusively show that the Petitioner is entitled to no relief. A copy of the proceedings had in the case before Judge Savage is attached.

As to (1) above, the record shows the following:
*At the arraignment:*

"Mr. Hanlon: If the Court please, we will waive the reading of the indictment * * * "

*At the change of plea:*

"Mr. Hanlon: If the Court please, at this time Mr. Jenkins wishes to with-

---

1. This statute provides:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

   *     *     *     *     *

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

"An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

draw his plea of not guilty and enter a plea of guilty to this charge.

"The Court: Is that your desire, Jenkins?

"The Defendant: Yes, sir.

"The Court: How many counts in the indictment?

"Defendant: Four. Two purchases and two sales.

"Mr. Hanlon: Four. Two purchases and two sales.

"The Court: You enter a plea of guilty as to each of the four counts of the indictment?

"Defendant: Yes, sir."

*At sentencing:*

The Petitioner stated: "Your Honor, it is true, I am guilty of what the charge is; that is why I came in here and plead guilty."

The Petitioner makes no claim herein that his pleas of guilty were obtained by means of promises, threats, coercion, force or duress. He makes no claim that he involuntarily pleaded guilty. He only complains that the Court failed to ask him if his pleas of guilty were voluntarily made. Pursuant to Rule 11, F.R.Cr. P., 18 U.S.C., the Court " * * * shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." The Court inquired if a plea of guilty was the desire of the Petitioner and received an unequivocal affirmative reply. The Defendant himself recited the charges in open court. While it is now the custom of the courts to go into more detail than did Judge Savage in 1961, it is clear from this record that Judge Savage satisfied himself as to the voluntariness of Petitioner's plea of guilty, and that the plea of guilty was

made with understanding of the nature of the charges. The Petitioner had previously waived reading of the indictment. He acknowledged the general nature of the charges: two purchases and two sales of narcotics. The record as a whole shows that the Petitioner in his own mind had determined that he was guilty as described in the indictment, and that his principal interest in these proceedings was in the sentence which could be imposed. In reviewing this record, the Court has indulged in every inference favorable to the Petitioner, yet it cannot say that this record does not conclusively show that the Petitioner is entitled to relief under this heading. The record conclusively shows that he understood the nature of the charges against him and voluntarily plead guilty to the same.

As to (2) above, the record shows that the Petitioner at the time of sentencing stated:

"I have figured out that there is a minimum of five years on the count to sell or to purchase, which carried five to twenty, and two to ten."

This correctly stated the range of imprisonment prescribed in the two federal statutes involved.[2] The Petitioner also said:

"In the penitentiary, that is where I am going right now."

The record therefore conclusively shows that the Petitioner knew the consequences of his pleas of guilty, namely, that he would be sentenced to the penitentiary and he knew the minimum and maximum penitentiary sentence for each of the four charges against him.

As to (3) above, the Petitioner cites Munich v. United States (Ninth Cir. 1964), 337 F.2d 356.[3] Other circuits do

---

2. The two statutes involved were Title 26, United States Code, Sections 4704(a) and 4705(a), with sentencing per Title 26, United States Code, Section 7237.

3. This case provides in part:
   "In our opinion one who, at the time of entering a plea of guilty, is not aware of the fact that he will not be eligible for probation or parole does not plead with understanding of the consequences of such a plea."

418

not go this far. See Trujillo v. United States (Fifth Cir. 1967), 377 F.2d 266, cert. den. 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221, and Smith v. United States (1963), 116 U.S.App.D.C. 404, 324 F.2d 436, cert. den. 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed.2d 975. The Tenth Circuit has not passed on this point. It is felt that the better rule and the one that the Tenth Circuit would adopt is that a failure to advise that probation cannot be granted in a narcotics conviction does not constitute a failure to adequately advise the accused of the "consequences" of a plea of guilty. This is the holding in Trujillo v. United States, supra, and Smith v. United States, supra. In Lathem v. United States (Fifth Cir. 1958), 259 F.2d 393 it was held that probation is a matter of legislative grace. These views are adopted and applied herein. As to not being eligible for parole, and the Court not mentioning this at the time of sentencing, it is sufficient to say that a parole is also a matter of legislative grace and is not a "consequence" of a plea of guilty. Lathem v. United States, supra; Simon v. United States (D.C.La. 1967), 269 F.Supp. 738. The result is that this complaint of the Petitioner is without merit as a matter of law.

■ As to (4) above, the Petitioner states that his privately retained counsel stated to him that he would *probably* receive the minimum sentence on each count by entering a plea of guilty. This is not an assertion by the Petitioner that he was offered a promise by the United States for his pleas of guilty. An attorney's stated opinion to his client as to what he estimates, guesses or thinks the sentence of the Court may be will not support a collateral attack on the sentence if he happens to estimate, guess or think wrong. There is no merit in this complaint of the Petitioner as a matter of law.

In view of the foregoing, the Petitioner's Motion pursuant to 28 United States Code 2255 is denied without an evidentiary hearing.

