THOMAS A. EISENTRAGER, Petitioner, v. STATE BOARD OF PAROLE COMMISSIONERS, Respondent.

No. 5852

December 8, 1969                                    462 P.2d 40

*Manoukian and Manoukian,* of Carson City, for Petitioner.

*Harvey Dickerson,* Attorney General, *Robert A. Groves,* Deputy Attorney General, of Carson City, for Respondent.

## OPINION

By the Court, BATJER, J.:

The petitioner is incarcerated in the Nevada State Prison for a term of not less than 10 years nor more than life after having been found guilty by a jury of the crime of murder in the second degree. He has recently been advised by the authorities that he is ineligible for parole because NRS 213.110[1] denies parole to anyone who has been previously convicted of more than three felonies.

In support of his petition he contends that the State Board of Parole Commissioners exceeded its jurisdiction when they denied him the opportunity to apply for parole, and because of this decision in excess of their jurisdiction his constitutional rights to due process have been violated, causing him to suffer enhanced punishment.

Without so much as a hint that one or more of his prior felony convictions were invalid, or an allegation that they are

---

[1]NRS 213.110: "1. Subject to the provisions of NRS 213.120, the board shall have power to establish rules and regulations under which any prisoner who is now or hereafter may be imprisoned in the state prison and who has not previously been more than three times convicted of a felony and served a term in a penal institution, or who is imprisoned in a county jail, may be allowed to go upon parole outside of the buildings or inclosures, but to remain, while on parole, in the legal custody and under the control of the board and subject at any time to be taken within the inclosure of the state prison or county jail.

"2. The board, for good cause and in order to permit induction into the military service of the United States, may suspend paroles during the period of the parolee's active service after induction into the military service."

void on their face, or even a claim that the parole commissioners had failed or refused to determine their validity, the petitioner attempts to invoke the rule of Gideon v. Wainwright, 372 U.S. 335 (1963), which established that the right to counsel guaranteed by the Sixth Amendment was applicable to the states by virtue of the Fourteenth Amendment of the United States Constitution, making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one. He further insists that *Gideon* is applicable to this case through Burgett v. Texas, 389 U.S. 109 (1967), where the United States Supreme Court said: "To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense (See Greer v. Beto, 384 U.S. 269) is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right."

We reject all of the petitioner's contentions.

In Pinana v. State, 76 Nev. 274, 352 P.2d 824 (1960), this court said: "The subject of parole in this state is within the legislative authority given by the constitution to the legislature. Art. 4, Sec. 1, Nevada Constitution. Parole is not a constitutional right; it is a right bestowed by legislative grace. Zink v. Lear, 28 N.J.Super. 515, 101 A.2d 72."

The legislature has the exclusive power to determine the terms of and conditions of parole, and in enacting NRS 213.-110 it was merely exercising its constitutional power.

At the outset several questions became apparent. What was the intent of the legislature when NRS 213.110 and its predecessors were enacted? Whom did the legislature have in mind when it used the words "any prisoner . . . who has not previously been more than three times convicted of a felony . . .?" Did they have in mind only a recidivist who had been judicially adjudged a habitual criminal, or did they wish to include those prisoners who came within that class but have not been so adjudged?

From March 25, 1929 until 1933, no prisoner who had been previously convicted of a felony and had served a term in a penal institution was eligible to be considered for parole. In 1933 the predecessor of NRS 213.110 was amended so that the prisoners ineligible for parole would be those who had more

than three previous felony convictions and had served a term in a penal institution. There is no indication that the legislature intended to include only those prisoners who had been convicted and sentenced as habitual criminals.

It is apparent that the legislature intended to exclude from consideration for parole all prisoners with more than three prior valid felony convictions.

It is both proper and desirable for the State Board of Parole Commissioners to enact and promulgate rules for the handling of the applications of those ineligible prisoners. We caution, however, that the board may not merely act as a calculator and add up the prior convictions appearing in a "rap sheet" to determine parole eligibility. The board must be satisfied from certified court records of the prior convictions that they are valid on their face and reflect that the accused in each instance had a lawyer or had validly waived one. Burgett v. Texas, supra.

Since it is not asserted that the prior convictions are invalid and that the board therefore acted improperly when it classified the appellant as being ineligible for parole, this court refuses to vacate and set aside the decision and determination of the respondent. The petition is denied.

COLLINS, C. J., THOMPSON, J., MANN, D. J., and GREGORY, D. J., concur.