WALTER PAUL ANUSHEVITZ, aka CHESTER J. WILTSE, Appellant, *v.* WARDEN, NEVADA STATE PRISON, Respondent.

No. 5867

TRACY BOSLEY, Appellant, *v.* WARDEN, NEVADA STATE PRISON, Respondent.

No. 5868

March 25, 1970            467 P.2d 115

*James D. Santini,* Public Defender, and *Jeffrey D. Sobel,* Deputy Public Defender, Clark County, for Appellants.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Alan R. Johns* and *Neil J. Beller,* Deputy District Attorneys, Clark County, for Respondents.

## OPINION

By the Court, MOWBRAY, J.:

These two cases have been consolidated for the purposes of appeal, because the same issue is involved in each case.

The appellant-petitioners, Walter Paul Anushevitz and

Tracy Bosley, commenced habeas proceedings in the district court under Nevada's Post-Conviction Relief Statute, NRS 177.315.[1] Both petitioners had been charged with felonies.[2] Each defendant pleaded guilty as charged. They were both represented by counsel at all stages of the proceedings.[3] Appellants concede that the record shows that their pleas were intelligently and voluntarily made.[4] The petitioner-defendants

---

[1]NRS 177.315 provides in pertinent part:

"1. Any person convicted of a crime and under sentence of death or imprisonment who claims that the conviction was obtained, or that the sentence was imposed, in violation of the Constitution of the United States or the constitution or laws of this state, or that the court was without jurisdiction to impose the sentence, or that the sentence exceeds the maximum authorized by law, or that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy, may, without paying a filing fee, apply for a writ of habeas corpus under NRS 177.315 to 177.385, inclusive, to secure relief from the conviction or sentence."

[2]Anushevitz was charged with robbery; Bosley, with burglary.

[3]The Clark County Public Defender's office represented them from arraignment through sentencing.

[4]Judge Babcock, who received Anushevitz's plea, conducted the following colloquy with him before accepting his plea. (It is conceded that a similar inquiry was conducted before Bosley entered his plea.)

"THE COURT: Is the defendant [Anushevitz] ready to enter his plea?

"MR. LEGAKES [Deputy Public Defender, counsel for Anushevitz]: Yes, he is, your Honor.

"THE COURT: Chester J. Wiltse [another name used by Anushevitz], what is your plea to the information filed in these proceedings on May 23, 1968, charging you with the crime of robbery?

"MR. WILTSE: Guilty.

"THE COURT: Guilty?

"MR. WILTSE: Yes.

"THE COURT: Is your plea of guilty freely and voluntarily made—

"MR. WILTSE: Yes.

"THE COURT: —without threat or fear to yourself or anyone closely related to or associated with you?

"MR. WILTSE: Yes.

"THE COURT: You understand the nature of the charge against you?

"MR. WILTSE: Yes.

"THE COURT: What is the charge against you?

"MR. WILTSE: Robbery.

"THE COURT: Mr. Legakes, did you advise the defendant of the sentence that could be imposed by reason of his plea of guilty?

"MR. LEGAKES: Yes, I did, your Honor.

"THE COURT: What did you advise him?

"MR. LEGAKES: One to 15 years.

"THE COURT: Yes.

"Mr. Wiltse, has anyone made any promise of a lesser sentence,

were later sentenced. Anushevitz had six prior felony convictions and Bosley, six. After the petitioners were sentenced, they learned that, as a result of an opinion of the Attorney General (No. 489, February 8, 1968) construing NRS 213.110, they were ineligible for parole.[5]

Petitioners now assert that the district judges who received their pleas had the duty to advise them of NRS 213.110 and of their ineligibility for parole.

Petitioners argue in their opening briefs that the case of Munich v. United States, 337 F.2d 356 (9th Cir. 1964), is controlling in their cases. In Munich, the court said at 361:

". . . In our opinion one who, at the time of entering a plea of guilty, is not aware of the fact that he will not be eligible for probation or parole, does not plead with understanding of the consequences of such a plea." (Footnote omitted.)

In other circuits, however, the courts have not so held. In Jenkins v. United States, 289 F.Supp. 415 (N.D. Okla. 1968), the court, in commenting on the Munich decision, stated at 417–418:

". . . Other circuits do not go this far. See Trujillo v. United States (Fifth Cir. 1967), 377 F.2d 266, . . . and Smith v. United States (1963), 116 U.S.App. D.C. 404, 324 F.2d 436 . . . . It is felt that the better rule and the one that the

---

probation, reward, immunity or anything else to induce you to plead guilty?

"MR. WILTSE: No, sir.

"THE COURT: You understand the manner of probation and sentence is determined solely by the Court and by no one else?

"MR. WILTSE: Yes.

"THE COURT: Are you pleading guilty because in truth and in fact you are guilty and for no other reason?

"MR. WILTSE: I am guilty of the charge, yes.

"THE COURT: The Court accepts defendant's plea of guilty."

[5]NRS 213.110 provides in relevant part:

"1. Subject to the provisions of NRS 213.120, the board [state board of parole commissioners] shall have power to establish rules and regulations under which any prisoner who is now or hereafter may be imprisoned in the state prison and who has not previously been more than three times convicted of a felony and served a term in a penal institution, or who is imprisoned in a county jail, may be allowed to go upon parole outside of the buildings or inclosures, but to remain, while on parole, in the legal custody and under the control of the board and subject at any time to be taken within the inclosure of the state prison or county jail."

This statute and earlier ones of like effect had been the law for many years, but until the issuance of the Attorney General's Opinion No. 489, supra, they had not been generally followed.

Tenth Circuit would adopt is that a failure to advise that probation cannot be granted in a narcotics conviction does not constitute a failure to adequately advise the accused of the 'consequences' of a plea of guilty."

We decline to follow Munich in the instant cases, for in any event, in the context of these appeals we are satisfied that even the Ninth Circuit Court would be obliged to find the omission complained of harmless error.

In their supplemental brief, petitioners rely heavily on the United States Supreme Court decision in Boykin v. Alabama, 395 U.S. 238, rendered June 2, 1969. Boykin, who had counsel, entered a guilty plea to five indictments for the common-law crime of robbery. The judge who received Boykin's plea asked no questions concerning the plea, and Boykin did not address the court.

Quite the contrary in the instant case. See footnote 4, supra. The district judge, by his colloquy with Anushevitz, demonstrated in the record that the plea was "voluntarily and knowingly made," as mandated by NRS 174.035(1).[6] We find nothing in Boykin that suggests any duty upon the court to advise a defendant regarding the prospects for parole, the granting of which is wholly beyond the jurisdiction of the district judge. Not so, of course, in the case of probation, and the district judge covered that contingency in his colloquy.

The rights about which the High Court speaks in Boykin are *constitutional trial rights*. As Mr. Justice Douglas, in writing for the majority, said at 243:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy* v. *Hogan*, 378 U.S. 1. Second, is the right to trial by jury. *Duncan* v. *Louisiana*, 391 U.S. 145. Third, is the right to confront one's accusers. *Pointer* v. *Texas*, 380 U.S. 400."

On the other hand, parole is a matter of legislative grace.

[6]NRS 174.035(1):

"1. A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and *shall not accept* such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and *consequences of the plea*." (Emphasis added.)

As the court said in Smith v. United States, 324 F.2d 436, 441 (1963): "[E]ligibility for parole is not a 'consequence' of a plea of guilty, but a matter of legislative grace. It is equally true that non-eligibility for parole is not a 'consequence' of a plea of guilty . . . rather, it is a consequence of the withholding of legislative grace." Our own court has so held. Eisentrager v. State Bd. of Parole Comm'rs, 85 Nev. 672, 462 P.2d 40 (1969); Pinana v. State, 76 Nev. 274, 352 P.2d 824 (1960).

We find no merit in the appellants' applications for habeas, and we therefore affirm the rulings of the lower court in denying the writs.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.