ORVILLE EDMOND MATHIS, APPELLANT, *v.* WARDEN, NEVADA STATE PENITENTIARY, RESPONDENT.

No. 5907

June 10, 1970                                     471 P.2d 233

*Samuel W. Belford, II,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William Macdonald,* District Attorney, Humboldt County, for Respondent.

## OPINION

By the Court, BATJER, J.:

Appellant was charged with having committed the crime of robbery at Valmy, Humboldt County, Nevada, on April 27, 1967. After waiving the appointment of counsel and a preliminary hearing in the justice's court, he was bound over to the district court where he requested the assistance of counsel. On May 1, 1967, counsel was appointed and the arraignment was continued. On May 5, 1967, with his appointed counsel present, the appellant was arraigned, plead guilty and was sentenced to not less than 5 nor more than 10 years at the Nevada State Prison.

On November 8, 1968, the appellant, in proper person, filed, with the district court, a petition for a writ of habeas corpus. New counsel was appointed to represent the appellant, on that petition, and a hearing was held on May 9, 1969 with the appellant personally present. The appellant did not testify nor did he offer evidence at that hearing. An order was entered denying habeas corpus, and this appeal follows.

The appellant contends that his plea of guilty was involuntarily given because he misunderstood the trial court concerning his right to probation or parole, and that the trial court failed to explain to him the limitations of probation and parole and erred when it later refused to allow him to withdraw his plea. He further contends that the lower court erred when it found that the judge who received his plea and sentenced him was excused from following the mandates of Garnick v. Miller, 81 Nev. 372, 403 P.2d 850 (1965) and Bundrant v. Fogliani, 82 Nev. 388, 419 P.2d 293 (1966).

The cases of Garnick v. Miller, supra, and Bundrant v. Fogliani, supra, announced procedural requirements to be followed by the trial court at the time of an entry of a plea of guilty by

a defendant who was not represented by counsel and they are therefore inapposite here.

In this case the appellant voluntarily, with the advice of counsel, entered his plea of guilty to the charge of robbery. The issue of guilt was thereby removed from the case.

At the time of his arraignment on May 5, 1967, it was the law of this state that when a guilty plea is not coerced, and the defendant was represented by competent counsel, at the time it was entered, the subsequent conviction is not open to collateral attack and any errors are superseded by the plea of guilty. Hall v. Warden, 83 Nev. 446, 434 P.2d 425 (1967); Powell v. Sheriff, 85 Nev. 684, 462 P.2d 756 (1969). In accord: United States ex rel. Glenn v. McMann, 349 F.2d 1018 (C.A.2d C 1965).

In Rainsberger v. State, 81 Nev. 92, 399 P.2d 129 (1965), this court said: "A different complexion is cast upon claimed constitutional violations and the other claims of error when, as here, a defendant charged with murder, has voluntarily and with the assistance of competent court-appointed counsel, entered a plea of guilty in open court. . . . The constitutional safeguards pointing to a fair trial are greatly diluted in significance, for a trial to determine the ultimate issue of innocence or guilt has been waived by the plea of guilty. The presumption of innocence has ceased to exist, and the defendant stands before the court an admitted murderer, asking mercy and understanding with respect to degree and penalty."

Here there is no allegation of coercion and counsel is admitted to be competent and well respected. It can be assumed that the appellant was fully advised of the consequences of his plea. State v. Cummings, 328 P.2d 160 (Wash. 1958).

After the appellant began to serve his sentence he was informed through an opinion of the attorney general (No. 489, February 8, 1968) construing NRS 213.110,[1] that he was ineligible for parole.

---

[1]NRS 213.110: "1. Subject to the provisions of NRS 213.120, the board [state board of parole commissioners] shall have power to establish rules and regulations under which any prisoner who is now or hereafter may be imprisoned in the state prison and who has not previously been more than three times convicted of a felony and served a term in a penal institution, or who is imprisoned in a county jail, may be allowed to go upon parole outside of the buildings or inclosures, but to remain, while on parole, in the legal custody and under the control of the board and subject at any time to be taken within the inclosure of the state prison or county jail."

The appellant now contends that the district court judge who accepted his plea had a duty to advise him of his possible ineligibility for parole within the interpretation of NRS 213.-110. He relies on the case of Munich v. United States, 337 F.2d 356 (9th Cir. 1964) and NRS 174.035(1).[2]

In Anuschevitz v. Warden, 86 Nev. 191, 467 P.2d 115 (1970), we declined to follow *Munich.* The contention in this case is similar to *Anuschevitz,* and we again decline to follow *Munich.*

In Jenkins v. United States, 289 F.Supp. 415 (N.D. Okla. 1968), that court in commenting on Munich v. United States, supra, said: ". . . Other circuits do not go this far. See Trujillo v. United States (Fifth Cir. 1967), 377 F.2d 266, . . . and Smith v. United States (1963), 116 U.S.App.D.C. 404, 324 F.2d 436. . . . It is felt that the better rule and the one that the Tenth Circuit would adopt is that a failure to advise that probation cannot be granted in a narcotics conviction does not constitute a failure to adequately advise the accused of the 'consequences' of a plea of guilty."

Parole is not a constitutional right, but it is a matter of grace bestowed by the legislature acting within its constitutional powers. Art. 4, Sec. 1, Nevada Constitution; Pinana v. State, 76 Nev. 274, 352 P.2d 824 (1960); Eisentrager v. State Board of Parole Commissioners, 85 Nev. 672, 462 P.2d 40 (1969).

In Smith v. United States, 324 F.2d 436 (U.S.App.D.C., 1963) (quoted with approval in Anuschevitz v. Warden, supra) that court said: "[E]ligibility for parole is not a 'consequence' of a plea of guilty, but a matter of legislative grace. It is equally true that noneligibility for parole is not a 'consequence' of a plea of guilty . . . rather, it is a consequence of the withholding of legislative grace."

NRS 174.035(1) did not become effective until January 1, 1968 (1967 Statutes of Nevada, Chapter 523, section 466 (2)(b)). Inasmuch as the appellant's plea was entered on

---

[2]NRS 174.035(1): "A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and consequences of the plea."

May 5, 1967, he is precluded from relying on NRS 174.-035(1).

Except for the appellant's self-serving affidavit there is nothing in the record to support his position that the district court judge had assured him that he would be immediately eligible for parole. At the hearing on his petition for a writ of habeas corpus he had an opportunity to present evidence in support of these contentions, yet none was offered. A belief or hope alone that probation or parole would be granted is insufficient to compel the withdrawal of a guilty plea. Bates v. State, 84 Nev. 43, 436 P.2d 27 (1968); State v. Burnett, 365 P.2d 1060 (Ore. 1961); People v. Kelly, 7 Cal.Rptr. 600, (Cal.App. 1960); State v. Harris, 357 P.2d 719 (Wash. 1960).

In three recently decided cases, where the defendants were represented by counsel, the United States Supreme Court has refused to allow guilty pleas to be withdrawn. Brady v. United States, 397 U.S. 742 (1970); Parker v. North Carolina, 397 U.S. 790 (1970); McMann v. Richardson, 397 U.S. 759 (1970).

· In Brady v. United States, supra, the High Court said: "The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. More particularly, absent misrepresentation or other impermissible conduct by state agents, cf. Von Moltke v. Gillies, 332 U.S. 708 (1948), a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise. A plea of guilty triggered by the expectations of a competently counseled defendant that the State will have a strong case against him is not subject to later attack because the defendant's lawyer correctly advised him with respect to the then existing law as to possible penalties but later pronouncements of the courts, as in this case, hold that the maximum penalty for the crime in question was less than was reasonably assumed at the time the plea was entered." In McMann v. Richardson, supra, the High Court

said: "It is no denigration of the right to trial to hold that when the defendant waives his state court remedies and admits his guilt, he does so under the law then existing; further, he assumes the risk of ordinary error in either his or his attorney's assessment of the law and facts. Although he might have pleaded differently had later decided cases then been the law, he is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act."

Additionally, the appellant relies on Boykin v. Alabama, 395 U.S. 238, decided June 2, 1969. In that case the accused was asked no questions by the trial court, nor did he address the court. In holding that the record did not disclose that Boykin had voluntarily and understandingly entered his plea of guilty, the United States Supreme Court said: "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1. Second, is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U.S. 400."

The High Court has not announced whether Boykin v. Alabama, supra, shall be given retroactive application, Brady v. U.S., supra, n. 4. We refuse to apply *Boykin* retroactively.

In the case of Halliday v. United States, 394 U.S. 831, 23 L.Ed.2d 16 (1969), it was held that the case of McCarthy v. United States, 394 U.S. 459, 22 L.Ed.2d 418 (1969), decided April 2, 1969, was not to be retroactively applied. The *McCarthy* case has applied the same rule (Rule 11 of the Federal Rules of Criminal Procedure) to the federal courts as Boykin v. Alabama, supra, has applied to the state courts. Several state courts have considered the question of the retroactive application of *Boykin* and have found that it shall be only prospectively applied. See Ernst v. State, 170 N.W.2d 713 (Wis. 1969); Commonwealth v. Godfrey, 254 A.2d 923 (Pa. 1969); Child v. State, 253 A.2d 691 (Me. 1969); Montanye v. State, 256 A.2d 706 (Md. 1969); State v. Griswold, 457 P.2d 331 (Ariz. 1969); Endsley v. Cupp, 459 P.2d 448 (Ore. 1969); In re Tahl, 460 P.2d 449 (Cal. 1969). See also State v. Vantrump, 170 N.W.2d 435 (Iowa 1969).

It would be impossible for a trial court to foresee and explain

to each accused who pleads guilty the full extent of all the collateral consequences of his plea, therefore we find that the appellant's plea of guilty was voluntarily and understandingly given, while his counsel was present, and that the trial court did not err in denying his petition for a writ of habeas corpus.

Affirmed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.