MICHAEL A. SALI, Appellant, v. WARDEN, NEVADA STATE PRISON, Respondent.

No. 6451

February 8, 1971                    482 P.2d 287

*Robert G. Legakes,* Public Defender, and *Steven L. Godwin,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, *Roy A. Woofter,* District Attorney, and *Lorin D. Parraguirre,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant pled guilty to two counts of burglary and was sentenced to a term of fifteen years in prison. Because of previous convictions, he is denied eligibility for parole under NRS 213.110. He now asserts that he must be allowed to plead anew because he was not advised of his ineligibility for parole,

which he says is a "consequence of his plea" under NRS 174.035(1).[1]

It was decided in Anushevitz v. State, 86 Nev. 191, 467 P.2d 115 (1970), that statutory ineligibility for parole is not a "consequence" of a guilty plea. That decision was followed in Mathis v. Warden, 86 Nev. 439, 471 P.2d 233 (1970), and in Stocks v. Warden, 86 Nev. 758, 476 P.2d 469 (1970).

We recognize that other courts have reached different results on this question in construing an identical statute. *Compare* Munich v. United States, 337 F.2d 356 (9th Cir. 1964); Durant v. United States, 410 F.2d 689 (1st Cir. 1969); Berry v. United States, 412 F.2d 189 (3rd Cir. 1969); Jenkins v. United States, 420 F.2d 433 (10th Cir. 1970); and Harris v. United States, 426 F.2d 99 (6th Cir. 1970), *with* United States v. Caruso, 280 F.Supp. 371 (S.C.N.Y. 1967), *aff'd sub nom.* United States v. Mauro, 399 F.2d 158 (9th Cir. 1968); Trujillo v. United States, 377 F.2d 266 (5th Cir. 1967); and Smith v. United States, 324 F.2d 436 (D.C. Cir. 1963).

It is noteworthy that this conflict between the federal circuits has not been resolved by the U.S. Supreme Court. Nor has this question been addressed by that court on a constitutional basis, under Boykin v. Alabama, 395 U.S. 238 (1968).

We feel that the sounder approach to this question is that announced in *Anushevitz, Mathis* and *Stocks.* The district court judge did not err in failing to advise Sali of his ineligibility for parole because of his previous convictions.

Affirmed.

---

[1]NRS 174.035 *Kinds of pleas; when plea of not guilty is entered by court.*

1. A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and consequences of the plea.