ALFRED JOSEPH COLLINS, Appellant, *v.* WARDEN,
NEVADA STATE PRISON, Respondent.

No. 6483

February 23, 1972                    493 P.2d 1335

*H. Dale Murphy,* Washoe County Public Defender, for
Appellant.

*Robert List,* Attorney General, of Carson City; *Robert
Rose,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

April 22, 1968, appellant withdrew his prior "not guilty" plea, and pleaded guilty to an information charging robbery. April 23, he withdrew his "not guilty" plea and pleaded guilty to an information concerning a later incident, charging attempted robbery and assault with a deadly weapon. Simultaneously the State, obviously as the result of plea bargaining, moved for dismissal of habitual criminal charges alleging prior felonies in enhancement of penalty. The court dismissed the habitual charges, and subsequently imposed "consecutive" sentences of 10, 3 and 6 years on the principal charges, expressing belief and intent that appellant would be allowed to earn early parole consideration.[1] Counsel for the State at no time suggested that the court misunderstood the effect contemplated by dismissal of the "habitual" charges. Prison authorities thereafter advised appellant that he is ineligible for parole; he then sought post-conviction relief, which a different judge of the district court denied; hence, this appeal.

1. Appellant contends he is entitled to plead anew, simply because the court accepted his pleas without requisite inquiry to establish them intelligent and voluntary. Boykin v. Alabama, 395 U.S. 238 (1969); Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970). This contention has no merit, for appellant's pleas were accepted before the U.S. Supreme Court announced the doctrine of *Boykin,* which in our view is not retroactive. Mathis v. Warden, 86 Nev. 439, 471 P.2d 233

---

[1]When sentencing appellant, Judge Craven stated: "Now, the sentences I intend to impose will be consecutive; but, as a practical matter, it isn't going to make any difference because it is going to be entirely up to the parole board. . . ." While a psychiatric evaluation tendered as part of the pre-sentence report suggested appellant be allowed to earn early parole consideration, Judge Craven clearly chose to impose consecutive rather than concurrent sentences, to vest the parole board with maximum future control.

(1970); Anushevitz v. Warden, 86 Nev. 191, 467 P.2d 115 (1970).

2. Appellant further seeks the right to re-plead, or to be resentenced, because the sentencing judge supposedly was unaware that under NRS 176.035 an inmate serving the first of two or more consecutive sentences cannot be paroled from it to begin serving a subsequent sentence.[2] In support of the premise that NRS 176.035 precludes such paroles, appellant cites an opinion of our Attorney General (Op. Att'y Gen. No. 578, 1969); however, we believe Judge Craven, rather than the Attorney General's deputy, has correctly construed NRS 176.035(2), which merely recites rules to determine the intent of the sentencing judge, and does not limit his power or that of the parole board.

3. Appellant further seeks the right to re-plead, or to be resentenced, because the court assertedly was unaware NRS 213.110 precludes parole to persons who have "previously been more than three times convicted of a felony and served a term in a penal institution." Again, we disagree with appellant's premise. By the express terms of NRS 213.110, only

---

[2]*"NRS 176.035 Conviction of two or more offenses; concurrent and consecutive sentences.*

"1. Whenever a person shall be convicted of two or more offenses, and sentence has been pronounced for one offense, the court in imposing any subsequent sentence may, in its discretion, provide that the sentences subsequently pronounced shall run either concurrently or consecutively with the sentence first imposed.

"2. If the court shall make no order with reference thereto, all sentences shall run concurrently; but whenever a person under sentence of imprisonment shall commit another crime and be sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms."

Our former Attorney General's interpretation of this statute, discussed herein, has led to bizarre results. For example, one convicted of a misdemeanor in prison necessarily suffers, not merely the usual penalties for that crime, but the loss of all parole possibilities on his original sentence, i.e. an indiscriminate additional sanction fortuitously dependent upon the length of his original sentence and the time his second sentence is imposed. To avoid such purely arbitrary results, which our prison authorities find inimical to their prospects for control and rehabilitation of prisoners, our trial judges have sometimes felt constrained to grant probation for offenses committed while in prison. As the instant case illustrates, the Attorney General's view would also tend to deter judges from imposing consecutive sentences in cases like the instant one, a result hardly consistent with allowing the parole board maximum control over criminal offenders.

paroles outside the prison's buildings and enclosures are precluded to persons stigmatized by that statute. The sentencing judge apparently recognized that appellant might properly be paroled from one sentence to another, so long as he remained within the prison, and his advice to petitioner in this regard was correct.[3]

We affirm the order denying appellant post-conviction relief, with the expectation that appellant will be allowed parole consideration in conformity with law, as the sentencing court apparently contemplated.[4]

ZENOFF, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.

---

[3]Petitioner may, of course, challenge the constitutional validity of his prior convictions as suggested in Eisentrager v. State Bd. Parole, 85 Nev. 672, 462 P.2d 40 (1969), and thereby seek eligibility for outside parole.

[4]In its Answering Brief, the State says it "would concur" in our resolving this case by assuming the sentencing judge was ignorant of NRS 213.110, and adjusting appellant's sentences to run concurrently. Respect for the sentencing court, and for its determination that consecutive sentences will best enable the parole board to protect the public, impels us to decide the court correctly interpreted the intended effect of the dismissals sought by the State.