622

JAMES LEE DAVENPORT, Jr., Appellant, v. WARDEN, NEVADA STATE PRISON, Respondent.

No. 6674

November 29, 1972                                    503 P.2d 841

· *Greenman & Goldberg,* of Las Vegas, for Appellant..

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant entered a plea of guilty to assault with a deadly weapon with intent to do bodily harm in violation of NRS 200.400 on September 30, 1968, and on November 4, 1968, was sentenced to serve six (6) years in the state penitentiary. Having been denied post-conviction relief his sole contention on this appeal is that the trial court erred in accepting his guilty plea without making the inquiry into the voluntariness of the plea required by NRS 174.035(1).

While recognizing the constitutional doctrine enunciated in Boykin v. Alabama, 395 U.S. 238 (1969) does not apply to him because his was a pre-*Boykin* sentence and that we have declined to make *Boykin* retroactive, Mathis v. Warden, 86 Nev. 439, 471 P.2d 233 (1970), he nevertheless urges that

NRS 174.035(1) should be construed to impose similar obligations on Nevada courts as Fed.R.Crim.P. 11 was construed to do so in McCarthy v. United States, 394 U.S. 459 (1969). We rejected a similar argument in Stocks v. Warden, 86 Nev. 758, 476 P.2d 469 (1970), where we decided "we are free to place our own construction upon the meaning to be given our statute." 86 Nev. at 762, 476 P.2d at 471. Appellant also contends that he is entitled to relief under Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970). *Higby* involved a post-*Boykin* guilty plea and is not in point.

Since none of the authorities relied on by appellant are applicable we need only consider if the requirement of NRS 174.035(1) was satisfied when the trial judge accepted the guilty plea. In our view, the examination of appellant by the trial judge sufficiently established the plea was voluntarily and understandingly entered. Cf. Schoultz v. Warden, 88 Nev. 135, 494 P.2d 274 (1972).

The judgment is affirmed.