**Alfred Joseph COLLINS, Petitioner-Appellant,**

v.

**WARDEN, NEVADA STATE PRISON, Respondent-Appellee.**

**No. 73-1927.**

United States Court of Appeals, Ninth Circuit.

Nov. 7, 1973.

Rehearing and Rehearing En Banc. Denied Dec. 20, 1973.

---

Robert J. Donovan (argued), San Francisco, Cal., for petitioner-appellant.

Robert A. Groves, Deputy Atty. Gen. (argued), Robert List, Atty. Gen., Carson City, Nev., Robert Rose, Dist. Atty., Reno, Nev., for respondent-appellee.

Before DUNIWAY and WALLACE, Circuit Judges, and SCHNACKE,* District Judge.

## OPINION

DUNIWAY, Circuit Judge:

Collins appeals from the denial of a writ of habeas corpus. We affirm.

In April of 1968, in Nevada State Court, Collins pled guilty to three charges, robbery, attempted robbery, and assault with a deadly weapon. He had also been charged with being an habitual criminal and, if convicted of that charge, he would have been subject to a mandatory sentence of life imprisonment without possibility of parole. This consequence Collins was most anxious to avoid, and as a result there was plea bargaining. In that bargaining, it was agreed that the habitual criminal charge would be dropped, and it was dropped.

During the plea bargaining, Collins' counsel told him that he would be eligible for parole. When Collins was sentenced, the state judge told Collins that he would be eligible for parole. However, there was no bargain as to whether the sentences would be concurrent or consecutive. The sentences imposed were consecutive: ten years on the robbery charge, three years on the attempted robbery charge, and six years on the assault with a deadly weapon charge. The state judge told Collins that the fact that the sentences were consecutive would not affect his eligibility for parole.

When Collins' pleas were accepted, Nev.R.S. § 213.110 appeared to make him ineligible for parole because he had been convicted of more than three felonies. Collins then sought post conviction relief in the Nevada courts. This relief was finally denied by the Nevada Supreme Court. Collins v. Warden, Nev., 1972, 493 P.2d 1335. There, the court held that § 213.110 did not preclude parole; that it only precluded parole "outside the prison's buildings and enclosures," and that he could be paroled from the first sentence to begin serving the second and from the second to begin serving the third, so long as he remained inside the prison. It also held that Nev.R.S. § 176.035 did not prevent such successive paroles. Relief was denied.

* The Honorable Robert H. Schnacke, United States District Judge, Northern District of California, sitting by designation.

■ Collins then turned to the federal court for habeas corpus relief. After a hearing, relief was denied. This appeal followed. The federal trial court denied relief on two grounds. The first is that "the prime thrust of the plea negotiations had been to eliminate the habitual criminal charge so that Collins would not be subjected to imprisonment for life without possibility of parole. . . . The entire discussion before the change of pleas related to the elimination of the habitual criminal charges." This finding is not clearly erroneous. See Albrecht v. Nelson, 9 Cir., 1972, 462 F.2d 623, 624. The federal trial court also found:

"Collins entered his pleas of guilty partly in reliance upon the representations by Erickson [Collins' counsel] that he would be eligible for parole within three or four years."

In addition, the federal trial court held that insofar as parole eligibility may have been a part of the bargain, that bargain has, in substance, been fulfilled. This is because in 1971, Nev.R.S. § 213.110 was amended to eliminate the parole disqualification of a prisoner three times convicted of a felony. The federal trial court found, referring to the sentencing:

"At that time, the Court indicated that the Parole Board might put him out on parole in two and one-half or three years, 'something like that, I don't have it calculated but it is up to you.' But this statement at the time sentence was imposed was not a representation which influenced the defendant in entering his pleas of guilty on April 22 and April 23, 1968."

"There was understandably some confusion because of the recent change in the Nevada law, but the net result of what occurred is that the defendant actually received substantially what he bargained for."

As to the decision of the Supreme Court of Nevada, the federal trial court found:

"The effect of this decision applicable to Mr. Collins is that in view of the parole eligibility provisions of N.R.S. § 213.120, he would be eligible for parole under the ten year robbery sentence after serving two and one-half years, eligible for parole under the succeeding three year attempted robbery sentence after serving one year, and eligible for parole under the succeeding six year assault with a deadly weapon sentence after serving one and one-half years. Thus, taking all the consecutive sentences into consideration, the defendant would be eligible for parole outside the prison within five years 'less good time credits.' Under N.R.S. § 209.280, if total good time credits are earned, a ten year sentence becomes a sentence of six years and six months; a three year sentence becomes a sentence of two years and four months; and a six year sentence becomes a sentence of four years and two months. Taking these good time credits into consideration, it becomes evident that Mr. Erickson's estimate and representation to the defendant that he could be paroled in three or four years was not far from the mark. . . . If parole considerations are to be deemed important in this factual context as a consequence of the guilty pleas, it seems apparent that there was no substantial misinformation given to the defendant and that with the elimination of the habitual criminal charges, he would in fact receive from the plea bargaining negotiations substantially what he bargained for. This is particularly so in view of the fact that no one, before, during or after sentence, purported to assure the defendant that he would be eligible for parole at any specific time or after serving any certain period of time."

It concluded:

"In view of all the circumstances, it is the conclusion of the Court that the pleas of guilty by Collins were voluntary and understandingly tendered . . . ."

These findings, too, are not clearly erroneous.

Before this court, the Warden asserts that eligibility for parole is not one of the consequences of a plea about which a defendant must be informed, citing Mathis v. Hocker, 9 Cir., 1972, 459 F.2d 988 and Bosley v. Hocker, 9 Cir., 1972, 460 F.2d 1064 (# 1). Those cases, however, are not controlling here. So far as appears, in those cases parole eligibility was not mentioned, either in plea bargaining or when the pleas were accepted. Not so here; in our case parole eligibility was discussed, and, while it was not the primary motivation for the plea, it was something that both counsel and the Nevada judge led Collins to believe that he would achieve. Collins argues that these facts bring into the picture the decision of the Supreme Court in Santobello v. New York, 1971, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427. The essence of that decision is that:

". . . [A] constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

For the purpose of this case, we assume that the prosecutor, like defense counsel and the state judge, was a party to the representation about parole made to Collins in the course of the bargain. However, we expressly refrain from deciding whether these circumstances are equivalent to the kind of promise to which the Court referred in *Santobello*. Even if they are, it does not follow that Collins is entitled to relief. On the contrary, by the combined actions of the Nevada Supreme Court and the Nevada Legislature, the bargain has been kept. Collins has his parole eligibility. We can think of no good reason why action by the Nevada Legislature which fulfills the bargain should not be just as effective for the purposes of federal habeas corpus as action by a court or by the parole board.

Collins' other arguments do not warrant discussion.

Affirmed.