WARREN ROBERT BROWN, Appellant, *v.* WARDEN, NEVADA STATE PRISON, Respondent.

No. 6619

March 14, 1972                                   494 P.2d 959

*Albert Matteucci,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court denying post-conviction relief to Brown who, on April 20, 1970, pleaded guilty to robbery and currently is serving a six-year sentence in the Nevada State Prison. Brown was represented by counsel at the arraignment where he entered his plea of guilty.

On August 20, 1970, Brown filed a petition for a writ of habeas corpus prepared by another inmate alleging (1) that the guilty plea was induced by promises of the Clark County District Attorney's Office and (2) that the plea was not entered with knowledge of its consequences and was therefore involuntary. On October 12, 1970, a hearing on the petition was held and argument was heard. The writ was denied.

Brown then filed a petition for post-conviction relief. This petition also alleged that the plea was induced by unfulfilled promises and was neither knowledgeable nor voluntary. Counsel was appointed by the court to represent Brown at the hearing to be held on the petition. The hearing was held and the petition denied on March 4, 1971. Notice of appeal from the order denying the petition for post-conviction relief was then filed.

Now, for the first time, on appeal Brown specifically cites the case of Boykin v. Alabama, 395 U.S. 238 (1969), alleging that the mandates there announced were not followed when the district court accepted his plea of guilty. The State concedes that the doctrine of *Boykin* as construed by this court in Stocks v. Warden, 86 Nev. 758, 476 P.2d 469 (1970), and Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970), was not followed. The State, however, urges affirmance of the district court's

order arguing that the record shows that the plea was voluntarily and knowingly made. We do not agree.

The relevant part of NRS 174.035(1) provides that the court shall not accept a guilty plea "without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and consequences of the plea." As of June 2, 1969, the constitutional gloss of Boykin v. Alabama is imposed upon the meaning of the phrase "consequences of the plea." Stocks v. Warden, supra.

The record in this case clearly shows that the doctrine of *Boykin* was not followed. The district judge failed to make inquiry regarding the waiver of fundamental trial rights—the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. Hence, the provisions of NRS 174.035(1) as construed by this court in *Higby* were violated.

We, therefore, reverse the order denying the petition for post-conviction relief and remand the case to the district court to permit the defendant to plead anew to the charge in the manner prescribed by statute.