CALVIN REX LUNDY, APPELLANT, v. WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 7150

September 28, 1973                    514 P.2d 212

*James W. Johnson, Jr.,* of Reno, for Appellant.

*Robert List,* Attorney General, Carson City; *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Assistant Chief Deputy, Washoe County, for Respondent.

## OPINION

By the Court, BATJER, J.:

Appellant was charged, in Washoe County, with rape, incest and making a false report to police officers. Rape and incest

charges were also pending against him in Virginia and Florida. His retained counsel, through negotiations and plea bargaining, obtained an agreement with the prosecuting attorney whereby appellant would enter a guilty plea to the incest charge (NRS 201.180), and the other charges would not be pursued. The prosecutor also agreed not to oppose a request for probation. Collaterally, a conviction in this state would effectively dispose of the pending charges in Virginia and Florida.

On January 21, 1971, appellant entered a plea of guilty to the incest charge. The record of the canvass by the trial judge satisfies the standard of Boykin v. Alabama, 395 U.S. 238 (1969), recognized by this court in Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970). The trial judge scheduled sentencing, requested a pre-sentence report from the Department of Parole and Probation, and ordered a psychiatric examination for the appellant. On February 22, 1971, the trial judge imposed a six year sentence, declined to suspend the sentence and grant probation. Lundy was disenchanted because he was refused probation and one month after being sentenced filed a motion, in the district court, to withdraw his guilty plea. The trial judge fully considered the motion, affidavits, briefs and argument and, on June 9, 1971, denied the motion to withdraw the guilty plea. No appeal was taken from that order.

Appellant then retained new counsel and, in March, 1972, again petitioned the district court to permit him to withdraw his guilty plea. At the evidentiary hearing conducted June 21, 1972, counsel for appellant stated:

> "The grounds of the petition for post-conviction relief in this case is predicated upon one thing, that during the arraignment and entry of plea and between the arraignment and sentencing of this defendant, that he was so inadequately and incompetently represented by counsel that in effect he was deprived of the right to counsel under the Fourteenth Amendment to the Constitution of the United States."

The trial court subsequently denied the post-conviction petition and in this appeal the identical issue is reurged.

The thrust of appellant's argument does not challenge his guilt; rather, he contends that his then attorney "guaranteed" that he would get probation. There is nothing in the record before us, other than Lundy's statement, to support that

contention.[1] As noted, the record of the "guilty plea" proceedings reflects otherwise.

[1]A portion of the colloquy between the trial judge and appellant reads:

"THE COURT: Mr. Lundy, the Court advises you that an information has been filed against you, by the District Attorney of Washoe County, in which information your name is given as Calvin Rex Lundy. Is that your true name?

THE WITNESS: Yes, sir.

THE COURT: How do you spell your last name?

THE WITNESS: L-u-n-d-y, sir.

THE COURT: If that is not your true name, and no correction is made at this time, all proceedings, in the future in this matter, will be had against you under that name. Is that understood?

THE WITNESS: Yes, sir."

. . .

"THE COURT: Mr. Lundy, what is your plea?

THE WITNESS: Guilty, sir.

THE COURT: Let the record show the defendant has entered the plea of guilty to the charge.

Mr. Lundy, in entering the plea of guilty that you have just entered, do you realize that by so doing, you are admitting all of the essential elements of the crime charged?

THE WITNESS: Yes, sir.

THE COURT: Do you understand that that crime is a felony, specifically, incest, and that you are charged with having committed fornication with your daughter?

THE WITNESS: Yes, sir.

THE COURT: Do you understand that by your plea of guilty, you are waiving the right to a jury trial and your right to confront your accusers, and your privilege against self-incrimination?

THE WITNESS: Yes, sir.

THE COURT: Do you also realize that your plea of guilty subjects you to punishment ranging from one to ten years imprisonment in the State Prison?

THE WITNESS: Yes, sir."

. . .

"THE COURT: Have you discussed this matter thoroughly with your attorney?

THE WITNESS: Yes, sir.

THE COURT: Is the plea made of your own volition and without any coercion from anyone?

THE WITNESS: Yes, sir.

THE COURT: Has anyone made you any promises of leniency?

THE WITNESS: No, sir.

THE COURT: Do you understand that all matters of probation and sentencing are to be determined solely by the Court, that is, by me, and by no one else?

THE WITNESS: Yes, sir.

THE COURT: Are you pleading guilty because you are in fact guilty and for no other reason?

THE WITNESS: Yes, sir.

THE COURT: All right. Let the record show that the defendant has entered a plea of guilty to the charge."

In the subsequent proceedings Lundy alleged and testified that he was "guaranteed" probation but offered not a scintilla of proof in support of that fact. An allegation that a guilty plea is entered because of the expectation of a lesser penalty is, of itself, insufficient to invalidate the plea. When an accused expressly represents in open court that his plea is voluntary, he may not ordinarily repudiate his statements to the sentencing judge. "In the case before us, nothing in the record impeaches [Lundy's] plea or suggests that his admissions in open court were anything but the truth." Brady v. United States, 397 U.S. 742, 758 (1970).[2]

In Smithart v. State, 86 Nev. 925, 931, 478 P.2d 576, 580 (1970), we said: "It is presumed that an attorney has fully discharged his duties. This presumption can only be overcome by strong and convincing proof to the contrary."

Here the presumption was not overcome by strong and convincing proof, nor by any proof at all. A reading of the transcript of the evidentiary hearing shows that counsel did all that could be expected of him.

The order denying post-conviction relief is affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZENOFF, JJ., concur.

---

[2]See Tollett v. Henderson, 411 U.S. 258 (1973), McMann v. Richardson, 397 U.S. 759 (1970), and Parker v. North Carolina, 397 U.S. 790 (1970). Cf. Parker v. Ross, 470 F.2d 1092 (4th Cir. 1972).