JAMES HEFFLEY, Appellant, v. WARDEN, NEVADA STATE PRISON, Respondent.

No. 7278

December 27, 1973                    516 P.2d 1403

*Legarza, Lee & Barengo,* of Reno, for Appellant.

*Robert List,* Attorney General, Carson City; *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

Appellant originally was charged with several crimes, and as a recidivist. Plea bargaining resulted in abandonment of all charges, except one of receiving stolen property (NRS 205.275), to which appellant pleaded guilty. Soon after being sentenced to 10 years in prison, appellant instituted post-conviction proceedings seeking to withdraw his plea. Following an evidentiary hearing the district judge denied relief, stating "that on the basis of the record in this case, it is clear that [appellant] understood the nature and consequences of his plea."

Although appellant does not contest the correctness of this statement, he urges that our decision in Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970), compels a reversal because the court did not specifically refer to appellant's Fifth Amendment privilege against self-incrimination before accepting his plea. The State contends a guilty plea need not be set aside for failure to mention one of the constitutional rights alluded to in *Higby,* where the record supports a determination that the defendant was in fact informed of all his rights, and did in fact enter his plea knowingly and voluntarily. We agree.

NRS 174.035(1), which is patterned on Fed.R.Cr.P. 11, requires that before accepting a plea of guilty or nolo contendere, a court must address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. In McCarthy v. United States, 394 U.S. 459 (1969), the United States Supreme Court held that a federal trial judge's failure to comply with Rule 11 was reversible error. Although the Supreme Court's *McCarthy* decision did not apply to state proceedings, two months later, in Boykin v. Alabama, 395 U.S. 239 (1969), the Court imposed a similar standard on state courts. It should be noted, however, that in *Boykin* the sentencing court undertook no examination of the defendant whatever, at the time it accepted his plea. Thus, the Supreme Court was only required to decide generally that due process requires "the utmost solicitude of which the courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences." 395 U.S. at 243–244. The Court was not constrained to detail what inquiries would constitute an acceptable "canvassing."

*Boykin* did indicate that the court's "canvassing" should accomplish at least two tasks: (1) assure that the defendant does not improvidently or involuntarily waive his constitutional right to jury trial, right to confront witnesses, and privilege against self-incrimination; and, (2) facilitate and deter appellate and collateral proceedings on the plea. Thus, *Boykin* did allude to the privilege against self-incrimination, and other constitutional rights. "We feel, however, that these rights were set out to demonstrate the gravity of the trial court's responsibility, but that no procedural requirement was imposed that they be enumerated." Stinson v. Turner, 473 F.2d 913, 915 (10th Cir. 1973). As said in Brady v. United States, 397 U.S. 742

(1970), "[t]he new element added in *Boykin* was the require-ment that the record must affirmatively disclose that a defend-ant who pleaded guilty entered his plea understandingly and voluntarily." 397 U.S. at 747–748, n. 4.

It is true, of course, that in Higby v. Sheriff, on which appel-lant relies, this court set forth what we believe to be an appro-priate and sufficient line of inquiry for a court to follow, in satisfying the mandate of *Boykin*. However, although we believe the criteria of *Higby* remain suitable as a guideline for our courts to follow, *Boykin* did not require the articulation of talismanic phrases. It required only "that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." *Brady,* at 747–748. Accord: United States v. Sherman, 474 F.2d 303 (9th Cir. 1973); Stinson v. Turner, cited above; McChesney v. Henderson, 482 F.2d 1101 (5th Cir. 1973); Merrill v. State, 206 N.W.2d 828 (S.D. 1973). If anything in *Higby* may be read to suggest otherwise, it is disapproved.

We find no error in the trial court's determination that the record of the arraignment proceedings established that appel-lant understood the nature and consequences of his plea.

Affirmed.

THOMPSON, C. J., and MOWBRAY, BATJER, and ZENOFF, JJ., concur.