CLEVELAND H. ARMSTRONG, Appellant, v. WARDEN, NEVADA STATE PRISON, Respondent.

No. 6978

January 16, 1974                                    518 P.2d 147

*Gary A. Sheerin*, State Public Defender, for Appellant.

*Robert List*, Attorney General, Carson City; *Robert E. Rose*, District Attorney, and *Kathleen M. Wall*, Assistant Chief Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

By reason of guilty pleas the appellant stands convicted of grand larceny and robbery and presently is serving concurrent sentences therefor at the Nevada State Prison. He asks that we annul those judgments and sentences on the ground that appropriate inquiry regarding his waiver of constitutional trial rights was not made when his guilty pleas were accepted.

Prior to our recent opinion, Heffley v. Warden, 89 Nev. 573, 516 P.2d 1403 (1973), we had construed Boykin v. Alabama, 395 U.S. 238 (1969), to require the trial court specifically to ascertain whether the defendant knows that if he pleads guilty he thereby waives his privilege against compulsory self-incrimination, the right to trial by jury and the right to confront his accusers. Stocks v. Warden, 86 Nev. 758, 476 P.2d 469 (1970); Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970); Brown v. Warden, 88 Nev. 166, 494 P.2d 959 (1972). Such specific inquiry was deemed essential to the fundamental determination of whether the defendant entered his plea voluntarily and understandingly.

In *Heffley,* supra, we departed from our prior rulings and joined with a growing body of case authority which accords *Boykin* a more ample interpretation than had we. Brady v. United States, 397 U.S. 742 (1970); United States v. Sherman, 474 F.2d 303 (9th Cir. 1973); Stinson v. Turner, 473 F.2d 913 (10th Cir. 1973); McChesney v. Henderson, 482 F.2d 1101 (5th Cir. 1973); Merrill v. State, 206 N.W.2d 828 (S.Dak. 1973). Specifically we held in *Heffley,* supra, that the trial court's failure to refer to the accused's privilege against self-incrimination before accepting a guilty plea did not invalidate the plea. That precise issue is presented in this case with

regard to the appellant's plea of guilty to robbery and is controlled by *Heffley*.

The court's inquiry of the appellant when he pleaded guilty to grand larceny failed to refer to any of the three trial rights mentioned in *Boykin*. However, the canvass otherwise is adequate to show a voluntary and intelligent plea entered with a full understanding of its consequences. In line with McChesney v. Henderson, supra, and the reasoning of *Heffley,* we conclude that there need not be an express articulation and waiver of the three constitutional trial rights mentioned in *Boykin* when a defendant who is represented by counsel pleads guilty and it appears from the record that his plea was voluntarily and intelligently entered with knowledge of its consequences.

However, we reiterate the statement in *Heffley* that "the criteria of *Higby* remain suitable as a guideline for our courts to follow."

Each conviction is affirmed.

MOWBRAY, GUNDERSON, BATJER, and ZENOFF, JJ., concur.