LAMARR THEODORE CLINE, APPELLANT, v.
THE STATE OF NEVADA, RESPONDENT.

No. 7211

January 17, 1974                    518 P.2d 159

*Rodlin Goff,* State Public Defender, and *Gary A. Sheerin,* Deputy State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City, and *Ronald T. Banta,* District Attorney, Lyon County, for Respondent.

## OPINION

*Per Curiam:*

On January 31, 1959, a jury convicted appellant and a co-defendant of murder and assessed the death penalty against both men. The convictions were set aside, because of improprieties on the part of the jury and a new trial was ordered. Prior to the scheduled new trial the co-defendant entered a guilty plea and was sentenced to life imprisonment with the possibility of parole. Plea bargaining was then commenced between appellant's counsel and the prosecutor and as a result, appellant withdrew his plea of not guilty. On March 4, 1959, he pleaded guilty to the charged crime, and on the prosecutor's recommendation, was sentenced to life imprisonment with the possibility of parole.

The crime had occurred on June 14, 1958, and on June 23, 1958, appellant, after custodial interrogation, confessed to the authorities.

Almost twelve (12) years after he was incarcerated in the state prison, appellant, in proper person, filed several motions and a "petition for habeas corpus for post-conviction relief," alleging generally that his constitutional rights were "violated during the proceedings leading to the plea of guilty." Counsel was appointed and after an extensive evidentiary hearing, the trial court concluded appellant's contentions were without merit.

In this appeal we are asked to reverse on the grounds that appellant was deprived of due process because (1) his confession on June 23, 1958, was coerced, and (2) his counsel was inadequate. We reject both contentions.

1. We need not consider if the June 23, 1958, confession was coerced because appellant is precluded from raising that issue as a ground to set aside his guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973), where the High Court said: "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. *When a criminal defendant has solemnly admitted in open court that he is in fact guilty* of the offense with which he is charged, *he may not thereafter raise independent claims relating to the deprivation*

*of constitutional rights that occurred prior to the entry of the guilty plea.*" [Emphasis added.][1]

2. Appellant's claim of inadequacy of counsel finds no support in the record. See Lundy v. Warden, 89 Nev. 419, 514 P.2d 212 (1973), where we said: "A reading of the transcript . . . shows that counsel did all that could be expected of him." See also, Founts v. Warden, 89 Nev. 280, 511 P.2d 111 (1973), and cases cited therein.

Affirmed.

---

[1]Cf. Brady v. United States, 397 U.S. 742 (1970), McMann v. Richardson, 397 U.S. 759 (1970), and Parker v. North Carolina, 397 U.S. 790 (1970), each of which dealt with challenges to the guilty plea itself. The issue in those cases was "whether the guilty plea had been made intelligently and voluntarily with the advice of competent counsel." Tollett v. Henderson, 411 U.S. at 265. That issue is only peripherally involved in the instant case and is not seriously argued..