JOHN HARVEY GORDON, Appellant, *v.* WARDEN, NEVADA STATE PRISON, Respondent.

No. 7360

April 11, 1974                    520 P.2d 957

*Rodlin Goff,* State Public Defender, and *Gary A. Sheerin,* of Carson City, for Appellant.

---

[1]This appeal originated and appellant's brief was filed prior to our decision in *McNair*.

*Robert List,* Attorney General, Carson City; *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Assistant Chief Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

On September 14, 1970 appellant plead guilty to the charge of assault with a deadly weapon for which he was sentenced to five years in the Nevada State Prison. The defendant was represented at that time by a Deputy Public Defender of Washoe County. He was asked if he was familiar with the charge to which he was pleading guilty, to which he responded: "Yes, sir." Gordon then admitted guilt of the crime charged. The court then inquired if he were fully aware of his constitutional rights and whether he had discussed the matter fully with his attorney, to which appellant answered that he had.

Gordon expressly waived his right to jury trial. He was told that the possible penalty for the crime of assault with a deadly weapon is from one to six years in the Nevada State Prison.

At the hearing on his application for post-conviction relief, the defendant testified that his attorney had informed him that there were eight additional felony counts pending against him when his plea was entered and that all of them were dismissed following his plea. Appellant testified that he did not understand his constitutional rights when his attorney discussed with him the consequences of his guilty plea, but he failed to convince the trial court that his plea was not voluntarily and willingly entered.

Appellant's contention before this court is that his guilty plea was taken in violation of the requirements of Boykin v.

Alabama, 395 U.S. 238 (1969), and Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970). Appellant's plea was made in the district court two months before *Higby* was decided but after *Boykin* was handed down by the Supreme Court. Under Nevada law both decisions cover the guilty pleas taken during this interim period. Brown v. Warden, 88 Nev. 166, 494 P.2d 959 (1972).

*Higby* adopts the rule of *Boykin* while expressly declining to give the latter decision retroactive effect. See also Mathis v. Warden, 86 Nev. 439, 471 P.2d 233 (1970).[1]

*Higby* has been construed and the holding narrowed in two recent decisions of this court. In Heffley v. Warden, 89 Nev. 645, 516 P.2d 1403 (1973), this court upheld the validity of a guilty plea although the defendant had not been canvassed regarding the privilege against self-incrimination. We required only "that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." See Brady v. United States, 397 U.S. 742, 747–748 (1970).

In Armstrong v. Warden, 90 Nev. 8, 518 P.2d 147 (1974), we concluded "that there need not be an express articulation and waiver of the three constitutional trial rights mentioned in *Boykin* when a defendant who is represented by counsel pleads guilty and it appears from the record that his plea was voluntarily and intelligently entered with knowledge of its consequences."

Appellant's plea meets the tests of *Higby* and subsequent cases. Gordon, who was represented by counsel, told the trial court that he understood his constitutional rights. He admitted that the plea was not coerced and was not the result of a promise of leniency. The judge informed Gordon of the range of

---

[1] In *Higby*, at page 781, this court said that "the record should affirmatively show:

1. The defendant knowingly and understandingly waived (a) the privilege against self-incrimination, (b) the right to trial by jury, and (c) the right to confront his accusers. . . .

2. The plea was voluntary, was not coerced, and was not the result of a promise of leniency.

3. The defendant understands the consequences of his plea. The judge should inform the defendant of the *range of punishments* that may be imposed and then ask whether it is his intention to plead guilty.

4. The defendant understands the nature of the charge itself, i.e., the 'elements' of the crime to which he is pleading guilty."

possible punishments. Appellant admitted that he understood the nature of the crime and that he was guilty.

Affirmed.