ARMAND R. BACON, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 7338

October 10, 1974                                527 P.2d 118

*Rodlin Goff,* State Public Defender, and *Gary Sheerin,* of Carson City, for Appellant.

*Robert List,* Attorney General; *T. David Horton,* Lander County District Attorney, Battle Mountain, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

On September 28, 1963, the body of a woman who had been beaten to death was found near Battle Mountain, Nevada. Evidence at the scene and testimony by several persons led to the arrest of Armand Bacon, the petitioner-appellant herein. Bacon was charged by information with first-degree murder; the information was subsequently amended, however, to a charge of open murder. Bacon confessed to the killing and entered a plea of guilty to the amended information. After a hearing before a three-judge panel, he was sentenced to life without possibility of parole. An appeal was filed, but withdrawn. Later, petitioning for post-conviction relief, Bacon sought to withdraw his plea of guilty and have

the judgment of conviction set aside. The district judge denied his petition. We affirm.

1. Bacon first challenges the legal sufficiency of the amended information. Bacon pleaded guilty, however, and has demonstrated no prejudice resulting from the lack of a more specific information. Cf. Simpson v. District Court, 88 Nev. 654, 503 P.2d 1225 (1972); State v. Hurley, 66 Nev. 350, 357, 210 P.2d 922, 925 (1949).

2. Next, Bacon urges that the record fails to establish the voluntariness of his confession. Bacon's plea of guilty also precludes assertion of this claim. Tollett v. Henderson, 411 U.S. 258, 267 (1973); Cline v. State, 90 Nev. 17, 518 P.2d 159 (1974).

3. Although the trial court did not inquire of Bacon as to the extent of his understanding of the consequences of entering a guilty plea, Bacon was represented by counsel at his arraignment, and at the time his plea was taken the court did comply with NRS 174.320 and NRS 174.330 then in effect (Stats. Nev. 1961, ch. 159, § 1, at 234, repealed Stats. Nev. 1967, ch. 523, § 447, at 1472; and Stats. Nev. 1919, ch. 232, § 41, at 424, repealed Stats. Nev. 1967, ch. 523, § 447, at 1472). The mandates of Boykin v. Alabama, 395 U.S. 238 (1969) are not to be applied retrospectively so as to govern the taking of guilty pleas prior to 1969. Mathis v. Warden, 86 Nev. 439, 471 P.2d 233 (1970). Grounds for setting aside the plea are thus not presented by Bacon's argument that Boykin's requirements were not met.

4. Bacon assigns as error the failure of the three-judge panel to wait 6 hours after completion of the evidentiary hearing before pronouncing sentence.[1] We do not believe the statutory 6-hour delay was intended to apply when a hearing is conducted before a three-judge panel. The very purpose of the evidentiary hearing is to determine the degree of the crime *and*

---

[1]NRS 176.020 then in effect [1911 Cr.Prac. § 393, RL § 7243 (1912), repealed Stats. Nev. 1967, ch. 523, § 447, at 1472]:

"The time appointed shall be at least 2 days after the verdict, if the court intend to remain in session so long; or, if not, as remote a time as can reasonably be allowed. But in no case shall judgment be rendered in less than 6 hours after the verdict."

fix the punishment.[2] It would be a useless act to require the three-judge panel to withhold announcement of the punishment after declaring the degree of the crime. Cf. Rainsberger v. State, 81 Nev. 92, 399 P.2d 129 (1965).

5. Finally, Bacon charges his trial counsel with incompetency. We have reviewed the record and find nothing which would support such a claim. Lundy v. Warden, 89 Nev. 419, 514 P.2d 212 (1973).

Accordingly, we affirm the order of the district court denying Bacon's petition for post-conviction relief.

THOMPSON, C. J., and GUNDERSON and BATJER, JJ., and GREGORY, D. J., concur.

---

[2]NRS 200.030, in relevant part, then in effect (Stats. Nev. 1961, ch. 159, § 3, at 235, *as amended* Stats. Nev. 1973, ch. 798, § 5, at 1803):

" . . .

"3. Upon a plea of guilty which specifies a degree lower than murder in the first degree, the district judge before whom such plea was made shall give sentence accordingly. If any person is convicted of murder on his confession in open court without a jury, or upon a plea of guilty without specification of a degree, the supreme court shall appoint two district judges from judicial districts other than the district in which the confession or plea is made, who shall, with the district judge before whom such confession or plea was made, or his successor in office, by examination of witnesses, determine the degree of the crime and give sentence accordingly. Such determination shall be by unanimous vote of the three district judges.