BILLY DON RIDDLE, Appellant, *v.* WARDEN, NEVADA STATE PRISON, Respondent.

No. 7279

January 16, 1975          530 P.2d 757

*Rodlin Goff,* State Public Defender, and *A. D. Demetras,* Deputy Public Defender, of Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

On December 12, 1968 Billy Don Riddle pleaded guilty to two counts of robbery for which he was sentenced to two five-year terms to run consecutively in the Nevada State Prison. Riddle was represented by counsel at that time.

Riddle asserts on appeal from denial of his petition for post-conviction relief that his guilty pleas were improperly entered because they were made involuntarily without understanding in violation of NRS 174.035(1), and that they were induced by promises of leniency; and that as a result of the improper entry of said pleas he waived his right to a jury.

1. Riddle acknowledges that the requirements of Boykin v. Alabama, 395 U.S. 238 (1969), and Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970), not being retroactive are inapplicable. Bacon v. State, 90 Nev. 368, 527 P.2d 118 (1974); Mathis v. Warden, 86 Nev. 439, 471 P.2d 233 (1970); see also Armstrong v. Warden, 90 Nev. 8, 518 P.2d 147 (1974). Riddle's guilty pleas are thus governed by the requirements of NRS 174.035(1),[1] which was in effect at the time of entry of

---

[1]NRS 174.035(1) states, "A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and consequences of the plea."

the pleas. NRS 174.035(1) requires that the accused understand the nature of the charges against him and the consequences of his plea. Stocks v. Warden, 86 Nev. 758, 476 P.2d 469 (1970).

The record on appeal indicates full compliance with these requirements. The trial court at the time of acceptance of the guilty pleas questioned Riddle as to his understanding of the two counts alleged in the information against him, if he had discussed the entry of his plea with his counsel, if he understood the significance of his guilty plea to two separate counts of robbery and if he understood that the sentence was from one to fifteen years and that it was within the authority of the court to allow the two sentences to run consecutively. The appellant answered in the affirmative to all questions asked.

2.   Riddle also contends that the guilty pleas were induced by promises of leniency, but this assignment of error is raised for the first time on appeal from the denial of his petition for post-conviction relief and will not be considered by this court. Sherman v. State, 89 Nev. 77, 506 P.2d 417 (1973).

3.   NRS 177.375(1) provides, "If the petitioner's conviction was upon a plea of guilty, all claims for post-conviction relief are waived except the claim that the plea was involuntarily entered." Riddle's contention of an ineffective waiver of his right to a jury is improperly raised.

Affirmed.