FEDERICO CRUZ GONZALES, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 11536

June 30, 1980                              613 P.2d 410

[Rehearing denied September 2, 1980]

*Mills, Galliher, Lukens, Gibson, Schwartzer & Shinehouse,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant, Federico Cruz Gonzales, was charged in an indictment with two counts of obtaining money under false pretenses, felonies under NRS 205.380. Gonzales initially pled not guilty to the charges. Subsequently, pursuant to a plea bargain, he entered a plea of guilty to one count of the lesser charge of attempting to obtain money under false pretenses.

Gonzales later moved to withdraw his guilty plea, contending it was involuntarily entered because, among other things, he did not fully understand the nature of the offense to which he pled guilty. The district court denied the motion and entered judgment of conviction against Gonzales. This appeal followed.

The alleged factual basis of the charge to which Gonzales pled guilty was that, with intent to cheat and defraud the Sands Hotel in Las Vegas, he attempted to obtain a sum of money in

excess of $100 by presenting a check issued by a Mexican bank and representing to the hotel that the check would be honored when in fact he knew that such representations were false.

. When Gonzales entered his guilty plea, he stated that he had committed the offense and that he understood the charge. This colloquy then occurred:

> BY THE COURT: What did you do and how did you do it?
>
> BY MR. GONZALES: I received a check for payment on the bank of Atlas, and I used it to gamble in the Sands Hotel.
>
> BY THE COURT: At that time you didn't have money to cover that check, is that correct?
>
> BY MR. GONZALES: It was a cashier's check, and they were supposed to have the money to cover it.
>
> BY THE COURT: *When you did it, you intended to attempt to cheat and defraud the Sands Hotel?*
>
> BY MR. GONZALES: *I didn't know that at the time, sir.* (Emphasis added.)

Gonzales contends that the above quotation reveals that he in fact did not fully comprehend the nature of the offense, *i.e.,* that intent to defraud is an element of the crime,[1] and therefore the court should have allowed him to withdraw his guilty plea. We agree.

In accepting a guilty plea, the district court must determine that the accused understands the elements of the crime to which he is pleading guilty. Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970), *modified,* Heffley v. Warden, 89 Nev. 573, 516 P.2d 1403 (1973). If, upon examination by the court after entering a plea of guilty, the accused states facts which indicate a misunderstanding of an essential element of the crime, a plea of guilty should not be accepted, and if made, should be withdrawn. *See* State v. Tahash, 154 N.W.2d 200 (Minn. 1967). *See also* Fox v. State, 181 N.W.2d 869 (Minn. 1970).

Here, Gonzales asserted that he did not intend to defraud the hotel.[2] This assertion indicates that he did not understand that

[1]NRS 205.380 states in part:

"1. Every person who knowingly and designedly by any false pretense obtains from any other person any chose in action, money, goods, wares, chattels, effects or other valuable thing, with intent to cheat or defraud the other person, is a cheat, and . . . shall be punished. . . ."

[2]We note that under certain circumstances it is permissible for an accused to enter a guilty plea while maintaining his innocence. *See* North Carolina v.

intent to defraud was an element of the offense to which he was pleading guilty. *See* State v. Birrueta, 570 P.2d 868 (Idaho 1977). Therefore, since it is unclear that the plea was made with a full understanding of the charge, the district court should have allowed Gonzales to withdraw the plea.

The order of the district court denying the motion to withdraw the guilty plea and the judgment of conviction are reversed and this matter is remanded for further proceedings.

Alford, 400 U.S. 25 (1970). However, a guilty plea entered pursuant to *Alford* must still be voluntarily, knowingly and intelligently made. State v. Birrueta, 570 P.2d 868 (Idaho 1977).