WARREN ROBERT STANDEN, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 12918

February 14, 1983                    657 P.2d 1159

[Rehearing denied June 28, 1983]

*Thomas E. Perkins,* State Public Defender, and *Michael K.
Powell,* Special Deputy Public Defender, Carson City, for
Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,*

District Attorney, and *Edward B. Horn,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, SPRINGER, J.:

Appellant Standen appeals from the denial of post-conviction relief claiming that his plea of guilty to murder in the first degree was not entered voluntarily.

NRS 174.035 prohibits acceptance of a guilty plea "without first addressing the defendant personally and determining that the plea is made . . . with understanding of the nature of the charge. . . ."

We have held that the record must show that the defendant knew the nature of the charge to which the plea of guilty was entered. Gonzales v. State, 96 Nev. 562, 613 P.2d 410 (1980); Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970), *modified,* Heffley v. Warden, 89 Nev. 573, 516 P.2d 1403 (1973). All that appears in this record relating to the defendant's understanding of the charge against him is the following:

> THE COURT: Do you understand the nature of the charge against you in the information which is murder?
> THE DEFENDANT: Yes.[1]

---

[1] This is the only questioning concerning Standen's supposed understanding of the charge at the time he entered his guilty plea. The information, which charges "a violation of NRS 200.030" ("murder in the first degree" and "murder in the second degree") was read to him in open court on November 2, 1978, 14 weeks before the date of the guilty plea. However, even were we to assume that Standen, who has the benefit of a sixth grade education, understood the elements and degrees of murder on November 2, 1978, and remembered the same on February 13, 1979, when the guilty plea was entered, the information does not charge, nor does it mention, *murder in the first degree.* Consequently it cannot be concluded that a reading of the information reasonably provided Standen with an understanding of the elements of murder in the first degree, to which the guilty plea was entered.

At the post-conviction hearing Standen stated that he knew then that he had pleaded guilty to first degree murder but that on February 13, 1979, he was only doing what his lawyer told him to do, claiming that he did not understand the proceedings.

First degree murder was not charged in the information. The information was not read to the defendant at the time of the court's canvass. The elements of the offense of murder in the first degree, in what ever form, were never explained to the defendant; neither did the defendant admit factually to the commission of any crime. We, and presumably the defendant, have no way of knowing from what occurred in court whether the plea to murder in the first degree related to deliberation and premeditation or to felony murder. *See* Hanley v. State, 97 Nev. 130, 624 P.2d 1387 (1981).

The United States Constitution, our statutes, our cases and common fairness require that a defendant have some understanding of the charges before a plea of guilty to the charge is accepted. Merely asking the defendant if he understands the "nature of the charge against him" falls far short of what is constitutional, legal and fair.

Such an inquiry fails to satisfy the holding of this court in Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970), Hanley v. State, 97 Nev. 130, 624 P.2d 1387 (1981), and various U.S. Supreme Court holdings.

In *Higby,* this court clearly adopted the literal interpretation of NRS 174.035(1) that the trial court "shall not accept such [guilty] plea . . . without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and consequences of the plea." The statutory language is identical to the first two sentences of Rule 11 of the Federal Rules of Criminal Procedure which was interpreted by the Supreme Court of the United States in McCarthy v. United States, 394 U.S. 459 (1969). The opinion in *Higby* quotes extensively from *McCarthy,* specifically adopting the Supreme Court's rationale for rigid adherence to Rule 11's procedural safeguards:

> First, although the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary. Second, the Rule is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination. Thus, the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas.

86 Nev. at 779, *quoting* 394 U.S. at 465.

Concluding, the Court in *McCarthy* stated:

Our holding that a defendant whose plea has been accepted in violation of Rule 11 should be afforded the opportunity to plead anew not only will insure that every accused is afforded those procedural safeguards, but also will help reduce the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged and are more difficult to dispose of, when the original record is inadequate. It is, therefore, not too much to require that, before sentencing defendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking.

394 U.S. at 472; *see also* 86 Nev. at 779-80.

The *McCarthy* Court unequivocally stated: "There is no adequate substitute for demonstrating *in the record at the time the plea is entered* the defendant's understanding of the nature of the charge against him." 394 U.S. at 470 (emphasis supplied by the Supreme Court). And this court, in *Higby,* stated:

Concededly, it is difficult to prescribe a precise procedure or set of questions to be asked at every guilty plea hearing. It necessarily must vary from case to case. We agree, however, that certain minimal requirements may be specified. The record should affirmatively show:
1.   The defendant knowingly and understandingly waived (a) the privilege against self-incrimination, (b) the right to trial by jury, and (c) the right to confront his accusers. In reference to these rights and privileges, it was stated in United States ex rel. Ward v. Deegan, *supra,* 310 F.Supp. at 1078: ". . . [I]t is clearly the duty of a *state* court judge taking a guilty plea to canvass with a defendant *at least* those consequences of his plea so that the voluntariness of the plea will be established on the record." (Emphasis added [by the court].)
2.   The plea was voluntary, was not coerced, and was not the result of a promise of leniency.
3.   The defendant understands the consequences of his plea. The judge should inform the defendant of the *range of punishments* that may be imposed and then ask whether it is his intention to plead guilty.
4.   The defendant understands the nature of the charge itself, i.e., the "elements" of the crime to which he is pleading guilty.

86 Nev. at 781.

In fact, the *Higby* court added a special note of attention for Nevada trial judges as the last sentence of the opinion:

[W]e do take this opportunity to direct the attention of the district judges to the provisions of subsection 1 of NRS 174.035, and we urge that when they receive a guilty plea the minimal requirements as specified, supra, be followed to reduce, as the Court said in McCarthy, 394 U.S. at 472, "the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged, and are more difficult to dispose of, when the original record is inadequate."

86 Nev. at 781-82.

It is very clear that Standen's plea was not entered knowingly or understandingly.[2]

We reverse the order of the trial court. The plea of guilty is set aside, and the matter is remanded to the district court for further proceedings.

MOWBRAY and GUNDERSON, JJ., and ZENOFF, SR. J.,[3] concur.

MANOUKIAN, C. J., dissenting:

The majority reverses Standen's conviction of first degree murder, based solely on his contention that he did not understand the nature of the offense to which he pled guilty. I respectfully dissent.

There can be no dispute that in order for a defendant's plea of guilty to be freely and voluntarily given, he must understand the nature of the charge. See Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970); NRS 174.035(1). The majority fails to recognize, however, that the voluntariness of a plea is to be determined from all of the circumstances surrounding entry of that plea. Brady v. United States, 397 U.S. 742, 749 (1970).

In Hanley v. State, 97 Nev. 130, 625 P.2d 1387 (1981), cited for support by the majority, this court relied on Henderson v.

---

[2]On September 25, 1978 a complaint charging "open murder" was read to Standen. An information charging the same offense was read to him on November 2, 1978. There is nothing in the record to indicate that the charge was read to him on the day he entered his guilty plea on February 13, 1979. As we have stated, the "open murder" charge does not apprise the accused of the elements of murder in the first degree. Even if it did, it would be a remarkable mental feat indeed if Standen, an illiterate former mental patient, could have remembered and understood formal, legal charges read to him three and five months before he pleaded guilty. Under no circumstances can these previous readings be held either to substitute for an explanation of the charges or to constitute a factual admission of the elements of murder in the first degree.

[3]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER. Nev. Const., art. 6 § 19; SCR 10.

Morgan, 426 U.S. 637 (1976), primarily on the concurring opinion of Justice White. Justice White noted:

> In those cases in which the indictment is read to the defendant by the court at arraignment or at the time of his plea, his plea of guilty may well be deemed a factual admission that he did what he is charged with doing so that a judgment of conviction may validly be entered against him.

*Id.* at 650, n. 2 (White, J., concurring).

In the instant case, the trial court, in part, based its determination on the fact that the information, containing the elements of the crime charged, was read to appellant at the arraignment. Furthermore, the lower court noted that at the evidentiary hearing for post-conviction relief, Standen confirmed what he had stated at the plea hearing: that, indeed, he *did* understand the nature of the charge when he entered the guilty plea.[1] Moreover, during the post-conviction hearing, the state introduced copies of six prior convictions, involving Standen's guilty pleas to unrelated offenses as evidence of his familiarity with plea bargaining and criminal proceedings.

The record must affirmatively show that the defendant understood the nature of the charge or that he made factual statements to the court which constituted an admission to the offense. Hanley, 97 Nev. at 133, 624 P.2d at 1389. Nevertheless, I believe it is unnecessarily restrictive to construe that pronouncement to mean that the trial court (and this court) can only consider the record concerning statements made at the entry of plea. I find no constitutional or statutory requirement for the majority's ruling, nor do I find, on the basis of all the circumstances surrounding Standen's plea, that he was denied "common fairness."

---

[1] This case, then, is materially different from *Henderson,* in which the trial court found, as a specific fact, that the elements had never been explained to the respondent. The Supreme Court found that fact to pose a unique situation:

> Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense had been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. This case is unique because the trial judge found as a fact that the element of intent was not explained to respondent.

426 U.S. at 647.