JIMMY RAY LOVE, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 12836

March 10, 1983 659 P.2d 876

*Thomas E. Perkins,* State Public Defender, and *Robert A. Bork,* Deputy State Public Defender, Carson City, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Brent Kolvet,* District Attorney, Douglas County, for Respondent.

## OPINION

*Per Curiam:*

Pursuant to a plea bargain, appellant pled *nolo contendere* to one count of conspiracy to commit grand larceny, a gross misdemeanor. On appeal, he contends that his plea is constitutionally infirm because the record does not adequately show it was knowingly and voluntarily entered. We agree and reverse.

In order to be constitutionally valid, a plea of guilty or *nolo contendere* must have been knowingly and voluntarily entered.

Standen v. State, 99 Nev. 76, 657 P.2d 1159 (1983); Hanley v. State, 97 Nev. 130, 624 P.2d 1387 (1981). The record must reveal, *inter alia,* that the accused entered his or her plea with an understanding of the charge and the elements of the offense. Hanley v. State, *supra;* Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970); *see also,* Heffley v. Warden, 89 Nev. 573, 516 P.2d 1403 (1973). To satisfy this requirement for a valid plea, the record must affirmatively show either "that the defendant himself (not just his attorney) understood the elements of the offense to which the plea was entered . . . [or] has made factual statements to the court which constitute an admission to the offense pled to." Hanley v. State, *supra,* 97 Nev. at 135, 624 P.2d at 1390 (footnote omitted).

The record of the proceedings below demonstrates that appellant made no factual statements that would constitute an admission of guilt. Moreover, there is nothing in the record to indicate that appellant personally understood the elements of the offense of conspiracy to commit grant larceny. The court below did not canvass appellant to determine that he personally understood the elements of the offense, *see* NRS 174.035(1), and at no time during the hearing at which appellant changed his plea were the elements of the offense even mentioned.[1] Under these circumstances, with the record devoid of any showing that appellant understood the nature of the charge against him and its elements, the plea of *nolo contendere* is invalid and must be set aside. Standen v. State, *supra;* Hanley v. State, *supra; see* Gonzales v. State, 96 Nev. 562, 613 P.2d 410 (1980).

The judgment of conviction is reversed. The plea of *nolo contendere* is set aside, and the matter is remanded to the district court for further proceedings.

---

[1]The relevant portion of the canvass of appellant is as follows:

THE COURT: . . . To the charge of Conspiracy to Commit Grand Larceny, how do you plead?

DEFENDANT LOVE: No contest, your Honor.

THE COURT: Mr. Bork [defense attorney] has advised you of all of the pleas that are available to you, has he?

MR. BORK: Yes, your Honor.

THE COURT: Have you advised him also of all of his constitutional rights, Mr. Bork?

MR. BORK: Yes, I have, your Honor.

THE COURT: You also advised him that the memorandum recites the penalties. Does he understand the penalties that he is facing in this matter?

MR. BORK: I believe so, your Honor.