BOYD CLAYBURN BARLOW, Appellant, v. DIRECTOR, NEVADA DEPARTMENT OF PRISONS, Respondent.

No. 13176

March 31, 1983                             660 P.2d 1005

*Donald K. Pope,* Reno, for Appellant.

*Brian McKay,* Attorney General, *Robert C. Manley,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted of one count of sexual assault pursuant to a guilty plea. He sought a writ of habeas corpus in the district court, contending that the record did not show that the plea was made knowingly and voluntarily. The district court denied relief, and this appeal followed.

A review of the record on appeal reveals that the trial judge did not personally address appellant at the time the guilty plea was entered to determine if appellant understood the elements of the offense to which he was pleading. Furthermore, appellant made no factual statements on the record which would constitute an admission of guilt. The record therefore does not demonstrate that the plea was entered knowingly and voluntarily. *See* Standen v. State, 99 Nev. 76, 657 P.2d 1159 (1983); Hanley v. State, 97 Nev. 130, 624 P.2d 1387 (1981).

Respondent contends that we should nevertheless conclude that appellant understood the elements of the offense since he waived the reading of the information at his arraignment hearing, almost six months before the day he entered his guilty plea. We find this to be insufficient to meet the requirements set forth in *Hanley. See* Standen v. State, *supra.*

Accordingly, we hereby reverse the order of the district court. The plea of guilty is set aside, and the matter is remanded to the district court for further proceedings.