ROY LEE DuBOSE, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 14938

June 26, 1984             682 P.2d 195

*David G. Parraguirre,* Public Defender, and *Jane G. McKenna,* Deputy Public Defender, Washoe County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, and *Edward B. Horn,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted pursuant to a guilty plea of one count of battery with the use of a deadly weapon. He now contends that the plea was infirm on the ground that it was made without an affirmative showing that he understood the nature of the offense to which he was pleading guilty, as is required by Hanley v. State, 97 Nev. 130, 624 P.2d 1387 (1981). We agree.

In Hanley v. State, *supra,* we held that a guilty plea record

must affirmatively show "*either* . . . that the defendant himself (not just his attorney) understood the elements of the offense to which the plea was entered *or* . . . that the defendant, *himself,* had made factual statements to the court which constitute an admission to the offense pled to." 97 Nev. at 135, 624 P.2d at 1390 (emphasis in original; footnote omitted). In the present case, the elements of the offense were never explained to appellant on the record, and appellant never made any factual statements to the court constituting an admission of guilt.

We do note, however, that the district court did ask appellant if he understood the nature of the charge as set forth in the information and whether appellant actually committed the offense as set forth in the information, to which appellant replied in the affirmative. The information, however, was never read to appellant on the record, and there is thus absent from the record the necessary affirmative showing that appellant understood the nature of the offense to which he was pleading. *See generally* Standen v. State, 99 Nev. 76, 657 P.2d 1159 (1983).

Accordingly, the judgment of conviction is reversed, and the matter is remanded to the district court for further proceedings.