**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSE ALBERTO CANDELAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64664

**FILED**

SEP 1 9 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of battery with the use of a deadly weapon. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant Jose Alberto Candelas contends that the district court erred by denying his presentence motion to withdraw his guilty plea. A district court may grant a presentence motion to withdraw a guilty plea for any substantial reason that is just and fair. *Crawford v. State*, 117 Nev. 718, 721, 30 P.3d 1123, 1125 (2001); *State v. Second Judicial Dist. Court*, 85 Nev. 381, 385, 455 P.2d 923, 926 (1969); *see* NRS 176.165. "To determine whether the defendant advanced a substantial, fair, and just reason to withdraw a plea, the district court must consider the totality of the circumstances to determine whether the defendant entered the plea voluntarily, knowingly, and intelligently." *Crawford*, 117 Nev. at 721-22, 30 P.3d at 1125-26. "On appeal from a district court's denial of a motion to withdraw a guilty plea, [we] will presume that the lower court correctly assessed the validity of the plea, and we will not reverse the lower court's determination absent a clear showing of an abuse of discretion." *Riker v. State*, 111 Nev. 1316, 1322, 905 P.2d 706, 710 (1995) (internal quotation marks omitted).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31145

First, Candelas argues that his plea was involuntarily given because he was coerced by counsel, who led Candelas to believe that there was no other alternative and spoke to him in a loud, emphatic manner. At a hearing on the motion, the district court stated that it had reviewed the plea agreement and the transcript of the plea canvass and recalled Candelas's ability to engage with counsel and the district court. The district court found that there was nothing to indicate that Candelas felt threatened or coerced during the proceedings. The totality of the circumstances supports the district court's determination, and we conclude that the district court did not abuse its discretion.

Second, Candelas contends that his plea was unknowingly given because he was not advised by counsel or the district court regarding possible lesser-included offenses. This claim was not raised below, and we need not consider it in the first instance on appeal. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004). We note, however, that with regard to the district court, Candelas's claim is belied by the record. Despite the fact that there is no requirement for the district court to canvass a defendant about possible lesser-included offenses, *see Heffley v. Warden*, 89 Nev. 573, 574, 516 P.2d 1403, 1404 (1973), the district court did converse with Candelas about lesser-included offenses and informed him that he would not be convicted of both attempted murder with the use of a deadly weapon and battery with the use of a deadly weapon because the district court viewed the latter as a lesser-included offense. As to Candelas's claim concerning counsel, we note that he has failed to demonstrate prejudice, pursuant to *Strickland v. Washington*, 466 U.S. 668, 691-96 (1984), because he was informed about

possible lesser-included offenses by the district court and fails to demonstrate a reasonable probability that, but for counsel's alleged failure to advise him about lesser-included offenses, he would not have pleaded guilty and would have insisted on continuing with the trial.

Third, Candelas argues that his plea was unknowingly given because he was denied exculpatory information regarding a key witness for the State. After he pleaded, Candelas discovered that the key witness may have been involved in a crime with the victim in his case and made a discovery request to ascertain whether the State had made any immunity deals with the key witness. At a hearing on the motion, the State represented that, while it knew nothing about any uncharged crimes involving the key witness, the victim had not been charged at the time of trial and therefore there would have been no impeachment value. Candelas fails to demonstrate the district court abused its discretion.

Fourth, Candelas contends that his plea was involuntary because the district court improperly participated in plea negotiations. Relying on *Cripps v. State*, 122 Nev. 764, 770-71, 137 P.3d 1187, 1191 (2006) (stating that the district court should not be involved in the plea negotiation process), Candelas claims that the district court not only emphasized that the negotiated charge was probationable but also spoke on behalf of the defense. He further claims that the district court's unusual accommodations, providing statutory material and extra time for negotiations, constituted an endorsement of the negotiations and that court staff and a corrections officer pressured him to accept the plea offer. Candelas fails to demonstrate that the district court participated in the formulation of the plea agreement. The district court answered Candelas's questions about the sentencing parameters and refused to commit to any

particular sentencing structure. As for any additional time and statutory materials provided, the district court provided these at the parties' request. We discern no error by the district court in this regard.

Having considered Candelas's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.        _____, J.
Douglas                                          Cherry

cc:    Hon. David B. Barker, District Judge
       Hua Ferguson Law Offices
       Law Offices of John P. Parris
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk