An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SHILOH PERKINS,
Petitioner,
vs.
THE SIXTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
HUMBOLDT; AND THE HONORABLE
MICHAEL MONTERO, DISTRICT
JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 66970

FILED

JAN 15 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
    DEPUTY CLERK

*ORDER DENYING PETITION*

This original petition for a writ of mandamus challenges a district court order denying petitioner's motion for a remand of the criminal proceedings against him to the justice court to allow him to enter a plea of guilty to a misdemeanor charge of second-offense domestic battery. Petitioner was originally charged with second-offense misdemeanor domestic battery. At the arraignment, he indicated that he wanted to plead guilty or nolo contendere, but the justice court refused his plea, appointed counsel to represent him, and set the matter for trial. Subsequently, the State amended the complaint to charge petitioner with third-offense felony domestic battery, and he was bound over for that offense after a preliminary hearing. Petitioner filed a motion in the district court to remand his case to the justice court to allow him to plead

15-01591

nolo contendere to a charge of second-offense misdemeanor domestic battery. The district court denied the motion, and this original writ petition followed.

Petitioner argues that the justice court should have accepted his nolo contendere plea because there was a factual basis for the plea and he was aware of the consequences of his plea and "weighed the benefits and burdens of a not guilty plea, a guilty plea, and a nolo contendere plea." Therefore, according to petitioner, because the justice court abused its discretion by not allowing him to plead nolo contendere, the district court erred by denying his motion to remand.

Whether a plea of guilty is accepted falls within the sound discretion of the trial court. *See Sturrock v. State*, 95 Nev. 938, 940, 604 P.2d 341, 343 (1979), *receded from on other grounds by Lisle v. State*, 114 Nev. 221, 954 P.2d 744 (1998); *see also North Carolina v. Alford*, 400 U.S. 25, 38 n.11 (1970) (observing that defendant has no constitutional right to have guilty plea accepted). NRS 174.035 provides that if a plea of guilty or nolo contendere is made orally, the court shall not accept the plea "without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." *See Love v. State*, 99 Nev. 147, 147, 659 P.2d 876, 877 (1983) ("In order to be constitutionally valid, a plea of guilty or nolo contendere must have been knowingly and voluntarily entered."). When a guilty plea is accepted, the record should affirmatively show: (1) "[a]n understanding waiver of constitutional rights and privileges"; (2) the "[a]bsence of coercion by threat or promise of leniency"; (3) an

"[u]nderstanding of consequences of the plea, the range of punishments"; and (4) "[a]n understanding of the charge, the elements of the offense." *Hanley v. State*, 97 Nev. 130, 133, 624 P.2d 1387, 1389 (1981), *abrogated on other grounds by Woods v. State*, 114 Nev. 468, 958 P.2d 91 (1998); *see Tiger v. State*, 98 Nev. 555, 654 P.2d 1031 (1982) (applying *Hanley* factors to plea entered pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970)).

Primarily at issue here is petitioner's apparent lack of understanding concerning the consequences of pleading guilty or nolo contendere, particularly as to the punishment range for the offense. Despite being advised that the punishment for a second-offense domestic battery included a maximum term of six-months in jail, 52 weeks of counseling and probation to ensure that counseling was completed, petitioner appeared convinced that he would receive only a 10-day jail term—the minimum term provided by NRS 200.485(1)(b)—if he pleaded guilty. The district court determined that the justice court properly exercised its discretion, specifically concluding that petitioner's repeated denial of guilt along with "his numerous statements to the [justice court] that he wanted to plead guilty *only* because he wished to be released from jail in 10 days shows that [he] did not have a full understanding of the second offense domestic battery charge and the direct consequences of a guilty plea." The arraignment transcript supports the district court's findings and conclusions, and it clearly understood the applicable law in ruling on petitioner's motion. We therefore conclude that petitioner has not shown that the district court manifestly abused its discretion or exercised its discretion in an arbitrary or capricious manner by denying

his motion to remand his case to the justice court. *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (defining manifest abuse of discretion and arbitrary or capricious exercise of discretion in context of mandamus). Accordingly, we

ORDER the petition DENIED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. Michael Montero, District Judge
Humboldt County Public Defender
Attorney General/Carson City
Humboldt County District Attorney
Humboldt County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A